IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT LOWRIE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-3713-D |
| VS. § | |
| § | |
| TOYOTA MOTOR SALES, U.S.A., § | |
| INC., D/B/A LEXUS, A DIVISION OF § | |
| TOYOTA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Accident & Injury Pain Centers, Inc. ("A&I"), a provider of medical services to the plaintiff in this removed action, moves to intervene. Because A&I has not established an interest that is related to the subject of the action or that is not adequately represented by the existing parties, the court denies the motion.[1]

I

This is a removed diversity action in which plaintiff Robert Lowrie ("Lowrie") sues defendant Toyota Motor Sales, U.S.A., Inc. d/b/a Lexus, A Division of Toyota ("Toyota"), for personal injuries and property damage arising from an automobile accident in which the air bags in his Lexus did not deploy. Lowrie alleges that his injuries and damages were

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

proximately caused by Toyota's negligence in failing to put a safely-manufactured vehicle into the stream of commerce, failing to inspect and correct any defect detected after manufacturing, and manufacturing and producing a dangerous automobile and putting it into the stream of commerce with an indifference to Lowrie's life. Lowrie seeks damages for past and future medical expenses, out of pocket expenses, transportation to and from physicians for treatment, pain and suffering, and property damage.

A&I moves to intervene based on Lowrie's assignment of his cause of action against Toyota to A&I. Toyota opposes the motion and moves to strike the motion for failure to comply with Fed. R. Civ. P. 24(c).

II

> A party is entitled to an intervention of right under Rule 24(a)(2) if (1) the motion to intervene is timely, (2) the interest asserted by the potential intervenor is related to the action, (3) that interest may be impaired or impeded by the action, and (4) that interest is not adequately represented by the existing parties.

*Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 2012 WL 2133667, at *1 (N.D. Tex. June 12, 2012) (Fitzwater, C.J.) (citing *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009); *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)), *rev'd on other grounds*, 747 F.3d 275 (5th Cir. 2014), *cert. granted*, 82 U.S.L.W. 3686 (U.S. Oct. 2, 2014) (No. 13-1371).[2] "Failure to satisfy any one requirement precludes intervention

---

[2]Rule 24(a), entitled "Intervention of Right," provides:

> [o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal

of right." *Haspel & Davis Milling & Planting Co. v. Board of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (citation omitted).

Under Texas law, A&I has an "interest" related to Lowrie's action against Toyota by virtue of Lowrie's assignment. As one Texas court of civil appeals explained:

> Without doubt, real parties in interest may, in proper cases, intervene to protect their rights; and certainly an assignee or the purchaser of a claim in suit is an interested party; has an interest sufficient to entitle him to intervene or make himself, or be made a real party in interest.

*Sw. Adver. Co. v. Stubbs*, 89 S.W.2d 799, 800 (Tex. Civ. App. 1935, writ dism'd). In a diversity case such as this one, however, although "the substantive right giving rise to intervention will likely originate from state law, . . . federal procedural rules will dictate whether the party is allowed to intervene." *Griffin v. Lee*, 621 F.3d 380, 389 (5th Cir. 2010). Accordingly, A&I is entitled to intervene as of right only if it meets the procedural requirements of Rule 24(a)(2).

To the extent A&I seeks to intervene to protect its interest *against Toyota*, A&I has not shown that this interest is not adequately represented by Lowrie. "The burden of establishing inadequate representation is on the applicant for intervention." *Haspel & Davis Milling & Planting Co.*, 493 F.3d at 578 (citing *Hopwood v. Texas*, 21 F.3d 603, 605 (5th

---

statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Cir. 1994)). This burden is "minimal" and "is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc) (citation omitted). But "it cannot be treated as so minimal as to write the requirement completely out of the rule." *Id.* (citation and internal quotation marks omitted). A&I has failed to make *any* showing regarding whether the existing parties—particularly Lowrie—will adequately represent its interest. It alleges no collusion between the existing parties, no nonfeasance by Lowrie, and no interest that Lowrie has relative to Toyota that is substantially adverse to A&I's interest. *See Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973) (per curiam). Indeed, "[t]o the contrary, since the ultimate objectives of both [Lowrie] and [A&I]—recovery against [Toyota] on the . . . claims [alleged]—are identical, the presumption is that the interests of [A&I] will be adequately protected by [Lowrie]." *Id.* (citing *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186 (2d Cir. 1970)).

To the extent A&I seeks to intervene to protect its interest *against Lowrie*,[3] A&I has not shown that it has "an interest relating to the property or transaction *that is the subject of the action*." Rule 24(a)(2) (emphasis added). The subject of the action is Lowrie's claim against Toyota for alleged negligence concerning his Lexus air bags, not A&I's claim against

---

[3] It is not clear that A&I intends to assert any right *against Lowrie*. According to the motion to intervene, the interest that A&I is actually seeking to protect is a $350,000 judgment in its favor against Lowrie's *counsel* in a Dallas County lawsuit, the basis of which was Lowrie's *counsel's* failure to pay A&I for medical expenses that A&I provided to clients of plaintiff's counsel.

Lowrie for medical services that A&I provided and for which Lowrie's counsel allegedly failed to pay.[4]  A dispute about unpaid medical services would be a matter between A&I and Lowrie (and perhaps Lowrie's counsel), but it would not involve Toyota.  Unlike Lowrie's negligence claim against Toyota, A&I's claim would be governed by Texas contract law.

\*   \*   \*

Accordingly, because A&I has failed to make the requisite showing under Rule 24(a)(2), the court denies its motion to intervene.[5]

**SO ORDERED**.

June 4, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4]*See supra* note 3.

[5]Because the court is denying A&I's motion to intervene, it does not address Toyota's contention that the court should strike A&I's motion to intervene for failure to comply with Rule 24(c).