IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT LOWRIE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-3713-D |
| VS. § | |
| § | |
| TOYOTA MOTOR SALES, U.S.A., § | |
| INC., D/B/A LEXUS, A DIVISION OF § | |
| TOYOTA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an automobile accident, defendant Toyota Motor Sales, U.S.A., Inc. d/b/a Lexus, a Division of Toyota ("TMS"), moves for summary judgment. In opposition to the motion, plaintiff Robert Lowrie ("Lowrie")—who will have the burden of proof at trial as to all of his claims—has filed an inadequate three-page response (two pages of which contain argument), unaccompanied by any evidence.[1] The court therefore grants TMS's motion and dismisses this action with prejudice by judgment filed today.

I

Lowrie sues TMS for personal injuries and property damage arising from an

---

[1] As TMS points out in reply, Lowrie's response is also untimely, having been filed ten days late. The court will consider the response, however, because doing so has not interfered with the decisional process of the court.

automobile accident in which the air bags of his Lexus vehicle did not deploy.[2]  Lowrie alleges that his injuries and damages were proximately caused by TMS's negligence in failing to put a safely-manufactured vehicle into the stream of commerce, failing to inspect and correct any defect detected after manufacturing, and manufacturing and producing a dangerous automobile and putting it into the stream of commerce with an indifference to Lowrie's life.  Lowrie seeks damages for past and future medical expenses, out of pocket expenses, transportation to and from physicians for treatment, pain and suffering, and property damage.

TMS moves for summary judgment on Lowrie's claims.  Lowrie opposes the motion.

II

When a party moves for summary judgment on claims on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 92 L. Ed.2d 265 (1986).  Once the moving party does so, the nonmovant must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

---

[2] In deciding TMS's summary judgment motion, the court views the evidence in the light most favorable to Lowrie as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

Under Texas law, to recover for negligence, negligence per se, or strict liability, Lowrie must prove "actual causation in fact," that is, "that but for [the] omission the accident would not have occurred." *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 82.005(a) (West 2016); *Sells v. Six Flags Over Tex., Inc.*, 1997 WL 527320 (N.D. Tex. Aug. 14, 1997) (Fitzwater, J.) (listing elements of strict liability); *Bent v. Mackie Wolfe Zientz & Mann, P.C.*, 2013 WL 4551614 (N.D. Tex. 2013) (Fitzwater, C.J.) (adopting recommendation of magistrate judge and listing elements of negligence and negligence per se).

TMS moves for summary judgment on all of Lowrie's claims, pointing to the absence of evidence that his Lexus vehicle was defective or unreasonably dangerous, that his injuries were caused by any defect of the Lexus, that the Lexus was not operating as designed, that his injuries were caused by the non-deployment of the front air bag of the Lexus, or that TMS violated any statute. TMS also offers the declarations of its designated experts Lance Lewis ("Lewis"), an engineer with experience in automotive engineering and automobile collision

investigations, and Lisa Gwin, D.O., a practicing emergency room physician and consultant in injury causation analysis. TMS argues that this expert testimony establishes that the Lexus vehicle was not defective and that the non-deployment of the vehicle's front air bag did not cause Lowrie's alleged injuries.

In a three-page response to TMS's motion (only two pages of which contain argument), Lowrie challenges TMS's reliance on expert testimony. In response to TMS's contention that it is entitled to summary judgment because evidence in the form of expert witness declarations negates essential elements of Lowrie's claims, Lowrie maintains that he "completely disagrees with this assertion mainly because this is the expert [TMS] handpicked and is serving [it]." P. Resp. 2. He contends—without producing any evidence—that "[w]e have our expert report which we will file in due course. Plaintiff has enough evidence to sustain its allegations." *Id.* He then asserts:

> The fact that we have not designated an expert does not mean that Plaintiff does not have evidence to support its causes of actions. Without the expert witness, Plaintiff has been able to show and prove some essential elements of the case by demonstrating that the air bag was defective simply by failing to deploy after a relatively hard impact. The presentation of a self-serving expert report does not negate the culpability of defendant.

*Id.* This is his argument. He does not attempt to introduce any evidence in opposition to TMS's summary judgment motion.

TMS has pointed to the absence of evidence to support at least one essential element of each of Lowrie's claims: that the alleged defect or negligent act—i.e., the non-deployment

- 4 -

of the front air bag—caused Lowrie's injuries.  Although Lowrie's failure to offer any evidence in response does not permit the court to enter a "default" summary judgment in TMS's favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.),

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2) and (3).  Lowrie's assertion that he "has enough evidence to sustain its allegations," P. Resp. at 2, is an unsworn pleading that does not constitute summary judgment evidence.  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Lowrie has therefore failed to introduce any evidence that would enable a reasonable trier of fact to find that he has satisfied the essential element of causation or to find that TMS's alleged negligence caused his injuries.

Because Lowrie has failed to point to any evidence of causation, a required element of each of his claims, all other facts are rendered immaterial,[3] and TMS is entitled to summary judgment.  *See Celotex*, 477 U.S. at 325.

---

[3]Because the court holds that Lowrie has not adduced any evidence of causation, the court need not address the remainder of TMS's arguments.

\* \* \*

For the foregoing reasons, the court grants TMS's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

March 21, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE